# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAVANNAH D. BYERS, *et al.*, | : | Civil No. 1:20-CV-02110 |
| Plaintiffs, | : | |
| v. | : | |
| FINISHING SYSTEMS INC., *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

On March 11, 2025, the court granted summary judgment in favor of Defendant Carlisle Fluid Technologies ("Carlisle") on Plaintiffs' claims for negligent infliction of emotional distress and negligence under Pennsylvania law. (Doc. 397). The court's March 11, 2025 memorandum opinion provides the factual and legal basis for the court's decision, and that document is incorporated herein. (Doc. 396).

The court noted in its March 11, 2025 memorandum opinion that it would not grant judgment on Plaintiffs' wrongful death claims—*i.e.*, Counts XXXI and XVII of the amended complaint[1]—because Carlisle did not ask for it. (Doc. 396, p. 26.) The court ordered the parties to be prepared to discuss resolution of the wrongful death claims at a status conference that had been scheduled for March 26, 2025. (Doc. 397, p. 2.) On March 14, 2025, Carlisle filed a letter requesting leave

---

[1] Although labeled Count XVII, this count appears immediately following Count XXXI. (Doc. 3, pp. 133–35.)

1

to file supplemental briefing in anticipation of the March 26 status conference. (Doc. 398.) The same day, the court granted Carlisle's request and set filing deadlines of March 19, 2025, for Carlisle and March 25, 2025, for Plaintiffs (to the extent Plaintiffs wished to file a brief in response). (Doc. 399.)

On March 18, 2025, Carlisle filed it supplemental brief. (Doc. 400.) The court then cancelled the March 26 status conference. (Doc. 401.) Carlisle's brief urged the court to grant summary judgment on the wrongful death claims.[2] (Doc. 400, pp. 1–2.) Plaintiffs did not file any response by the March 25 deadline.

The court interprets Carlisle's supplemental brief as a motion for summary judgment on Plaintiffs' wrongful death claims. The court will grant Carlisle's motion.

Plaintiffs' wrongful death claims are derived from the negligence claims that the court already found could not survive summary judgment. Plaintiffs' wrongful death claims cannot survive for the simple fact that their negligence claims against

---

[2] In its supplemental brief, Carlisle states that one of its motions for summary judgment sought "dismissal of all claims asserted against it." (Doc. 400, p. 1.) This is curious considering "wrongful death" does not even appear in a single brief Carlisle filed in connection with its motions for summary judgment. Nor did any of their briefs include arguments for why the wrongful death claims should be dismissed. This court is not going "to consider arguments that have not been developed by the party advancing them." *Scopelliti v. Traditional Home Health & Hospice*, No. 3:18-CV-00040, 2018 WL 1899294, at *5 (M.D. Pa. Apr. 20, 2018). Nor will the court lightly grant summary judgment *sua sponte*. *See Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 224 (3d Cir. 2004) (cautioning that "the *sua sponte* grant of summary judgment, without giving notice to the parties, is not the preferred method by which to dispose of claims").

2

Carlisle failed. "In order to recover in an action for wrongful death, the plaintiff must prove that the death was caused by violence or negligence of the defendant." *Quinby v. Plumsteadville Family Practice*, 907 A.2d 1061, 1077 (Pa. 2006); *accord Salvio v. Amgen, Inc.*, 810 F. Supp. 2d 745, 757 (W.D. Pa. 2011) (explaining that under Pennsylvania law, a wrongful death claim requires "an underlying claim, such as negligence, . . .to be cognizant."); *Blackwood v. Wellspan Health*, No. 2206 MDA 2013, 2014 WL 10915523, at *5 (Pa. Super. Ct. July 25, 2014) ("[A] wrongful death action is derivative of the underlying negligence action and will not survive unless it is determined that the decedent was injured as a result of defendant's negligence.").

Here, Plaintiffs have failed to prove that Carlisle's negligence caused the deaths of their respective decedents for the reasons thoroughly detailed in the court's March 11, 2025 memorandum opinion. (Doc 396.) Having no viable underlying negligence claim, Plaintiffs' wrongful death claims must fail. Therefore, the court will grant summary judgment on these claims in favor of Carlisle. An appropriate order will issue.

                                               s/Jennifer P. Wilson
                                               JENNIFER P. WILSON
                                               United States District Judge
                                               Middle District of Pennsylvania

Dated: March 31, 2025